# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH M. BARNES,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:17-CV-0458-DMC<br><br><br>MEMORANDUM OPINION AND ORDER |

   Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties (Docs. 7 and 8), this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are the parties' cross-motions for summary judgment (Docs. 13 and 16). For the reasons discussed below, Plaintiff's motion for summary judgement is denied and the Commissioner's cross motion for summary judgment is granted.

   The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521

(9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## I. THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f). The sequential evaluation proceeds as follows:

Step 1  Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

Step 2  If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;

Step 3  If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted;

Step 4  If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the

2

|   |   |
|---|---|
| Step 5 | claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

In cases such as the current case where there has been a prior application for benefits, an unappealed denial of an application for disability benefits operates as res judicata as to the finding of non-disability. See Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988); Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988). The prior determination of non-disability also creates a presumption of continuing non-disability. See Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995). The presumption does not apply, however, if there are changed circumstances.

See Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985). Thus, the presumption of continuing non-disability may be overcome by a showing of new facts establishing a previously unlitigated impairment. See Lester, 81 F.3d at 827-28; see also Gregory, 844 F.2d at 666. The attainment of advanced age after the prior decision also constitutes a changed circumstance overcoming the presumption of continuing non-disability. See Chavez, 844 F.2d at 693.

## II. THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on March 22, 2011. See CAR 18.[1] In the application, plaintiff claims that disability began on January 21, 2011. See id. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on September 27, 2012, before Administrative Law Judge (ALJ) Carol A. Eckersen. In a December 7, 2012, decision, the ALJ concluded that plaintiff is not disabled. Noting plaintiff had filed a previous application for benefits that was denied, the ALJ concluded:

> After having considered all of the evidence and testimony of record, the undersigned finds that in this case, the claimant has not rebutted the presumption of continuing non-disability because the record fails to establish that there has [sic] been any changed circumstances. Thus, it is concluded that the claimant continues to be not disabled. . . .

CAR 19.

Plaintiff sought judicial review of this determination. See Barnes v. Commissioner of Social Security, E. Dist. Cal. Case No. 2:14-CV-1071-CKD. The parties stipulated to a remand under 42 U.S.C. § 405(g). See id., Doc. 23. Specifically, the parties agreed that the matter would be remanded with instructions to the ALJ as follows:

1. Further develop the record to reconcile the discrepancy between the ALJ findings and the record that appears to rebut the presumption of continuing non-disability;

2. Make findings consistent with the sequential evaluation process, if warranted; and

3. Otherwise develop the record as needed.

See id.

---

[1] Citations are the to the Certified Administrative Record (CAR) lodged on July 17, 2017 (Doc. 11).

4

Pursuant to the parties' stipulated remand, the Appeals Council directed the ALJ to give further consideration to plaintiff's maximum residual functional capacity and, if warranted, obtain supplemental vocational expert testimony to "clarify the effect of the assessed limitations on the claimant's occupational base. . . ." CAR 753.

The matter was assigned to ALJ L. Kalei Fong, who held a hearing on May 6, 2016. See id. While plaintiff requested another supplemental hearing, the ALJ denied the request because ". . .there is sufficient evidence to render a decision in this case, and because the claimant was afforded the opportunity to testify at the [May 6, 2016] hearing." Id. In an August 4, 2016, decision, the ALJ concluded plaintiff had rebutted the presumption of continuing non-disability arising from denial of the prior application. The ALJ stated:

> Because the claimant has alleged a new impairment (a bipolar disorder), the undersigned gives the claimant the benefit of the doubt, and finds that she has successfully rebutted the *Chavez* presumption. Nonetheless, as discussed in detail below, the undersigned finds that the claimant has ultimately failed to meet her burden of proof in establishing disability in this case.
>
> CAR 754.

The ALJ concluded plaintiff is not disabled based on the following relevant findings:

> 1. The claimant has the following severe impairment(s): fibromyalgia, bipolar disorder, depression, and anxiety;
>
> 2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;
>
> 3. The claimant has the following residual functional capacity: light work; mentally, the claimant can understand, remember, and carry out simple work instructions, can maintain concentration, persistence, and pace for 2-hour blocks of time with customary breaks, can interact with supervisors, co-workers, and the public, and can adapt to routine workplace stressors;
>
> 4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> See id. at 756-66.

After the Appeals Council declined further review on December 29, 2016, this appeal followed.

5

## III. DISCUSSION

In her motion for summary judgment, plaintiff argues the ALJ: (1) failed to articulate specific and legitimate reasons for rejecting the opinions of the consultative examining psychologist, Dr. Sunde; and (2) made inconsistent findings with respect to her mental impairments.

### A. **Evaluation of the Medical Opinions**

The ALJ engaged in a residual functional capacity (RFC) analysis and concluded:

> [A]fter careful review of the entire record. . . the claimant has the residual functional capacity to perform light work. . .with an ability to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 6 hours with breaks in an 8-hour workday; sit for 6 hours with breaks in an 8-hour workday; is unlimited pushing and pulling; has no postural limitations; has no manipulative limitations; has no visual, audio or environmental limitations; can understand, remember and carry out simple work instructions; can maintain concentration, persistence and pace for 2 hour blocks of time with customary breaks; can interact with supervisors, coworkers and the public; and can adapt to routine work place stressors.

CAR 759.

It is in this analysis that the ALJ discounts the examining psychologist, Dr. Sunde, giving only "some weight" to his opinion. CAR 764. Plaintiff claims this was in error. Specifically, Plaintiff argues the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Sunde's opinion.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). The least weight is given to the opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings that support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and

convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

Plaintiff asserts that the ALJ failed to provide specific and legitimate reasons for giving only "some weight" to Dr. Sunde's opinion. This Court disagrees with Plaintiff's contention. The ALJ reviewed Dr. Sunde's clinical observations, diagnosis, and ultimate opinions regarding Plaintiffs functional capabilities. CAR 764. In fact, almost every finding discussed in section A of Plaintiff's brief is also discussed in the disputed section of the ALJ's decision. Compare CAR 764 with Doc. 13 at 10-11. The ALJ stated,

> [I]n February 2016, the claimant underwent a psychiatric consultative evaluation at the request of the Social Security Administration. Dr. Sunde observed that the claimant's concentration was fair, her persistence was good and her pace was fair. The claimant displayed some psychomotor agitation throughout the interview, she was hypervigilant but cooperative, appeared to be reliant information provider, had distracted thoughts and very circumstantial speech, and was preoccupied with her anxiety in the interview. The claimant's mood was mostly anxious,

7

> somewhat depressed, she was oriented to person, place, time and situation, and she had slow calculations. Her judgment and insight appeared grossly intact. Dr. Sunde diagnosed a bipolar disorder and a generalized anxiety disorder. Dr. Sunde opined that the claimant has no impairment in the ability to understand, remember and complete simple commands, mild impairment in the ability to understand and remember complex commands, moderate impairment in the ability to interact appropriately with supervisors, coworkers and the public, moderate impatient in the ability to respond to change in a normal workplace setting, and marked impairment in the ability to maintain persistence and pace in a normal workplace setting. The undersigned only gives some weight to the opinion of Dr. Sunde, and does not find a marked impairment in the ability to maintain persistence and pace in a normal workplace setting or a moderate impairment in the ability to interact appropriately with supervisors, coworkers and the public, or in the ability to respond to change in a normal workplace setting because these findings are not supported by Dr. Sundes's own mild observations of the claimant, and because of the dearth of objective findings documenting the severity of the claimant's mental impairments.

CAR 764.

As demonstrated above, the ALJ reviewed and summarized Dr. Sunde's finding, compared it to the evidence in the record and the observations made by Dr. Sunde. The ALJ then found, based on this evidence, that Plaintiff has "no marked impairment in the ability to maintain persistence and pace in a normal workplace setting, or moderate impairment in the ability to interact appropriately with supervisors, coworkers and the public or in the ability to respond to change in a normal workplace setting." CAR 764. This court agrees with Plaintiff that the ALJ could have been more precise in stating the interpretation of the medical evidence, more clearly analyzing why the stated evidence supported the ALJ's finding over Dr. Sunde's opinion. However, the ALJ's analysis is not so lacking as to violate the specific and legitimate standard articulated in Lester. See Lester, 81 F.3d at 830. Because the ALJ set out a detailed summary of the facts, see CAR 756-58, stated her interpretation of the evidence, see CAR 758-64, and made findings based on that interpretation, see CAR 759-64, it cannot be said that she acted in error. See Magallanes v. Bowen, 881 F.2d at 751-55 (holding a contradicted medical opinion of an examining physician may be rejected if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding).

Thus, the ALJ did not commit legal error by rejecting portions of Dr. Sunde's opinion in this case.

**B.      Findings Regarding Plaintiff's Mental Impairments**

At Step 2 the ALJ found Plaintiff suffers from severe impairments, meaning Plaintiff suffers from impairments that significantly limit her ability to perform basic work activities. This finding allowed the ALJ to move to Step 3 to determine the degree of functional limitation caused by the severe impairment. At Step 3 the ALJ assessed mild restrictions in Plaintiff's activities of daily living, moderate difficulties in social functioning, moderate difficulties in concentration, persistence and pace, and no episodes of decompression. CAR 758-59. Plaintiff challenges this finding.

In determining residual functional capacity, the ALJ must assess what the plaintiff can still do in light of both physical and mental limitations. See 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities"). Where there is a colorable claim of mental impairment, the regulations require the ALJ to follow a specific procedure. See 20 C.F.R. §§ 404.1520a(a), 416.920a(a). The ALJ is required to record pertinent findings and rate the degree of functional loss. See 20 C.F.R. §§ 404.1520a(b), 416.920a(b).

Plaintiff contends that the finding of severe at Step 2 and the finding of mild and moderate at Step 3 are internally inconsistent. This Court disagrees. Plaintiff's argument seems to misunderstand the Step process, taking certain findings from Step 2 and improperly superimposing them onto findings at Step 3. A finding of severe at Step 2 is not inconsistent with findings of mild or moderate at Step 3. Rather, a finding of severity at Step 2 is necessary for the ALJ to make any further findings at Step 3, including findings of mild or moderate. As the Defense properly states, impairments are judged as severe or non-severe at Step 2—i.e. whether the impairment significantly limits the ability of a claimant to perform basic work activity, function, on the other hand, is assessed as mild, moderate, marked, or extreme at Step 3.

This Court's review of the record indicates that the ALJ made a proper determination at Step 2 that Plaintiff has the severe impairments of fibromyalgia, bipolar disorder,

depression, and anxiety. CAR 756. The ALJ then properly moved to Step 3, reviewed all medical and testimonial evidence, and determined that Plaintiff's impairments did not meet or equal any of the impairments in the listings, and concluded that Plaintiff had mild restrictions in daily living, moderate restrictions in social functioning, moderate difficulties with concentration, persistence and pace and no episodes of decompensation. CAR 758-59. Before moving to Step 4 the ALJ properly determined that Plaintiff has a RFC to perform light work, with sit/stand breaks, and a limitation to simple work instructions. CAR 759. In making this determination the ALJ provided a thorough review of the medical evidence, made particularized findings based on such evidence, and provided her assessment thereafter. See CAR756-64. For that reason, the ALJ's assessment of Plaintiff is not internally inconsistent, rather it properly follows the mandatory five-step analysis, finding severe impairments at Step 2, moving to Step 3, finding Plaintiff's impairments do not to meet the listings and then determining Plaintiff's RFC. After reviewing the record, this Court finds the ALJ's conclusions are supported by substantial evidence and thus the ALJ did not err in assessing Plaintiff's impairments.

## IV. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 13) is denied;
2. Defendant's motion for summary judgment (Doc. 16) is granted;
3. The Commissioner's final decision is affirmed; and
4. The Clerk of the Court is directed to enter judgment and close this file.

Dated: November 7, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE